UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL AZIZ ZARIF SHABAZZ,

                              Plaintiff,

    -against-                                                9:20-CV-57 (LEK/TWD)

BAILEY,

                              Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Michael Aziz Zarif Shabazz brings this pro se action against Defendant Corrections Officer ("CO") Bailey pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his Eighth Amendment rights. See Dkt. No. 2 ("Complaint") at 4–15.

The Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a report and recommendation on June 28, 2023, Dkt. No. 112 ("Report and Recommendation"), recommending that Defendant's motion for summary judgment, Dkt. No. 101 ("Motion"), be granted because Plaintiff failed to exhaust his available administrative remedies under the Prison Litigation Reform Act ("PLRA"), R. & R. at 14–15. Plaintiff has filed objections, Dkt. No. 113 ("Objections"), and Defendant has responded, Dkt. No. 114. For the reasons that follow, the Court approves and adopts Judge Dancks's Report and Recommendation in its entirety.

**II.    BACKGROUND**

    **A.  Factual Allegations**

The Court assumes familiarity with Judge Dancks's Report and Recommendation, as well as with Plaintiff's factual allegations detailed therein. See R. & R. at 2–5.

**B. The Report and Recommendation**

Judge Dancks comprehensively reviewed Plaintiff's Complaint and Defendant's Motion, R. & R. at 2–5, and recommended that Defendant's Motion be granted, id. at 15. Judge Dancks reached this conclusion after finding that Plaintiff failed to exhaust his available administrative remedies under the PLRA. Id. at 14–15.

Pursuant to 42 U.S.C. § 1997e(a) of the PLRA, incarcerated individuals must exhaust all available administrative remedies prior to bringing a federal civil rights action. Id. at 9. "The PLRA requires 'proper exhaustion,' which means using all steps of the administrative process and complying with 'deadlines and other critical procedural rules.'" Id. at 9 (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Exhaustion is an affirmative defense, and the burden of proof remains on the defendant at all times. Id. at 10.

To prevail on his 42 U.S.C. § 1983 claim, Plaintiff, who alleged wrongdoings while he was in the custody of New York State Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate"), id. at 2, was required to follow New York's grievance procedure, which is known as the Incarcerated Grievance Program ("IGP"), id. at 5. The IGP is a three-tiered process, requiring inmates to: (1) file a grievance with the Incarcerated Grievance Resolution Committee ("IGRC") at the individual facility; (2) appeal adverse IGRC decisions to the superintendent of the facility ("Superintendent"); and (3) appeal adverse Superintendent decisions to the Central Office Review Committee ("CORC"). Id. at 5, 10. However, complaints of harassment are expedited and are forwarded directly to the Superintendent. Id. at 10. The incarcerated individual must then, similarly, appeal an adverse Superintendent decision to CORC. Id. "CORC is required to provide, through IGP staff, written confirmation that an appeal has been received." Id. (internal citations omitted). Therefore, if an

incarcerated individual does not receive confirmation of appeal receipt within forty-five days, the individual is instructed to write the IGP supervisor to confirm that the appeal was filed and transmitted to CORC. Id.

Here, given that Plaintiff alleged employee misconduct, Plaintiff's grievance was forwarded directly to the facility Superintendent. Id. at 10–11. The Superintendent denied Plaintiff's grievance, but neither Upstate's IGP nor Plaintiff had any record of Plaintiff filing an appeal to CORC. Id. at 11. CORC's records also did not indicate that Plaintiff had appealed to CORC. Id. Accordingly, Judge Dancks found that Plaintiff's failure to appeal to CORC meant Plaintiff "failed to properly exhaust his administrative remedies before filing this action." Id.

Judge Dancks next evaluated if the record established that Plaintiff's failure to exhaust administrative remedies may be excused due to unavailability of the remedy to Plaintiff. Id. at 11–14. Judge Dancks noted that the Supreme Court has outlined three types of circumstances where administrative remedies are not available:

> (1) where the administrative procedure technically exists but operates as a "dead end—with officers unable or consistently unwilling to provide any relief to aggrieved [incarcerated individuals]"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

Id. at 11 (quoting Ross v. Blake, 578 U.S. 632, 643–44 (2016)).

Judge Dancks concluded that none of the three Ross exceptions were applicable here. Id. Furthermore, Judge Dancks noted that courts in this Circuit have held that a plaintiff's past filing of grievances demonstrates both that (1) the plaintiff does not view the filing as a dead end, and that (2) the plaintiff understands DOCCS' IGP. Id. (citing Smith v. Jaynes, No. 18-CV-1107, 2022 WL 686627, at *3 (N.D.N.Y. Feb. 18, 2022)). Judge Dancks specifically stated that

3

Plaintiff has "fully exhausted administrative grievances to CORC on 256 other occasions," and, as such, "the first two exceptions identified under Ross are not applicable here." Id.

Further, Judge Dancks found that Plaintiff's conclusory allegation that his grievance appeal to CORC was not property forwarded did not raise any triable question of fact as to the applicability of the third Ross exception. Id. at 12 (citing Lurch v. Bui, No. 19-CV-895, 2020 WL 8450543, at *5 (N.D.N.Y. Dec. 8, 2020)). Judge Dancks noted that courts in this Circuit "have continuously held that mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations." Id. (internal citations omitted) (quoting Blake v. Porlier, No. 18-CV-1008, 2019 WL 7484052, at *5 (N.D.N.Y. Oct. 4, 2019)). Judge Dancks stated that there is not only a lack of evidence that Plaintiff's appeal to CORC was ever filed, but there is also no "indication that Plaintiff ever followed up with the Upstate IGP Supervisor 'to confirm that the appeal was filed and transmitted to CORC' when he did not receive written confirmation within forty-five days that his appeal was received." Id. at 13 (internal citations omitted). Accordingly, Judge Dancks found that "it is not that the full scope of administrative remedies was not available to Plaintiff— rather, Plaintiff failed to fully exhaust the administrative remedies available to him." Id. (internal citations omitted).

Finally, Judge Dancks concluded that, while "Plaintiff appears to argue 'special circumstances' to justify his failure to comply with the exhaustion, the Supreme Court made it clear in Ross that courts may not excuse a prisoner's failure to exhaust because of 'special circumstances.'" Id. at 14 (quoting Ross, 578 U.S. at 640). Thus, Judge Dancks found that Plaintiff did not raise an issue of material fact as to the availability of administrative remedies, and recommended granting of Defendant's motion for summary judgment because Plaintiff

failed to exhaust his available administrative remedies under the PLRA. Id. Accordingly, Judge Dancks did not reach Defendant's alternative arguments. Id. (citing Coley v. Garland, No. 19-CV-00382, 2023 WL 346242, at *6 (N.D.N.Y. Jan. 20, 2023) (declining to address alternative arguments where summary judgment was warranted on exhaustion grounds)).

### III. STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to whom the objection is made must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional

evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." N.Y.C. Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a report-recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV. DISCUSSION

### A. Plaintiff's Objections

Plaintiff objects to the Report and Recommendation on nine grounds. Objs. at 1–4. Plaintiff's objections appear to either address matters wholly unrelated to the Report and Recommendation, or reiterate the same arguments that he presented in earlier filings. Id.; see

also Dkt. No 87 ("2022 Appeal") (appealing a magistrate decision and objecting on identical grounds). Further, Plaintiff's Objection does not specifically challenge any portion of Judge Dancks's Report and Recommendation. See generally Objs.

The Court first addresses those arguments that Plaintiff repeats from previous filings. Regarding Plaintiff's first objection, Plaintiff states that he "reiterate[s] and repeat[s] all of the issues raised in my responding papers to the defendants'[Motion]." Id. at 1. However, Plaintiff does not provide any specific basis for rejecting or changing the Report and Recommendation, and thus is "simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340. Accordingly, the Court reviews this portion of the Report and Recommendation for clear error and finds none.

Next, Plaintiff's fourth argument objects to venue in the Northern District of New York. Objs. at 2. Plaintiff seeks venue in the Southern District of New York, id., which Plaintiff also previously raised, see 2022 Appeal at 4.[1] Thus, because Plaintiff reiterates a prior argument, the Court finds no clear error here.

Plaintiff's seventh objection alleges that "Magistrate Judge and John Moore repeatedly lied about providing me with my discovery requests," Objs. at 3, and Plaintiff's Ninth objection states that Judge Dancks "unconstitutionally and wantonly denied my Rule 37 motion," id. at 4. Plaintiff has previously raised the allegation that Defendants adequately respond to his discovery demands. See Dkt. No. 85 at 2; see also Dkt. No. 87 at 1–2. Because Plaintiff restates a prior argument, the Court finds no clear error here.

The Court next turns to Plaintiff's arguments that are plainly meritless; namely, Plaintiff's second, third, fifth, sixth, and eighth objections. Plaintiff's second objection argues

---

[1] The Court notes that Judge McMahon ruled that transfer from the Southern District of New York was appropriate and that venue was proper in the Northern District of New York. See Dkt. No. 3 at 3–4.

that Judge Dancks "misrepresented my papers and lied on the record." Id. at 2. Plaintiff's third objection states that Judge Dancks was "bias[ed] and prejudice[d] against me." Id.  Plaintiff's fifth objection posits that Judge Dancks "usurped the authority of Judge Kahn and unconstitutionally denied my motion request." Id. at 3.  Plaintiff's sixth objection states that Judge Dancks and defense counsel "*may* have a personal relationship." Id. Plaintiff's eighth objection states that his grievances were "robbed out of my assigned cell." Id. at 4. Plaintiff provides no supporting evidence for these assertions, and these objections appear to be sheer speculation. The Court therefore finds these objections meritless. See Belgrave v. Graham, No. 10-CV-5168, 2017 WL 4736731, at *3 (E.D.N.Y. Oct. 19, 2017) (denying an objection to a magistrate's report and recommendation because the "objection is mere speculation and is without support in the record"); Lilakos v. New York City, No. 14-CV-05288, 2016 WL 5928674, at *3 (E.D.N.Y. Sept. 30, 2016) (rejecting a report and recommendation objection on the ground that the objection "is based on pure speculation"), aff'd, 808 F. App'x 4 (2d Cir. 2020).

     Based upon a careful review, the Court denies Plaintiff's Objections and accepts the Report and Recommendation in its entirety. See 28 U.S.C. § 636(b)(1). The Court therefore grants Defendant's Motion and dismisses this action. Furthermore, given that Plaintiff failed to exhaust administrative remedies, and given that the time period to exhaust those remedies has expired,[2] any further attempt to prosecute this case would be futile. The Court therefore dismisses the Complaint against Defendants with prejudice. See Nwaokocha v. Sadowski, 369 F.

---

[2] N.Y. Comp. Codes R. & Regs., tit, 7 §§ 701.5(d)(1)(i) outlines that an appeal must be made to CORC "within seven calendar days after receipt of the superintendent's written response to the grievance."

Supp. 2d 362, 372 (E.D.N.Y. 2005) ("A court [] has discretion to dismiss with prejudice if it believes that amendment would be futile or would unnecessarily expend judicial resources.").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 112) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's motion for summary judgment (Dkt. No. 101) is **GRANTED** because of Plaintiff's failure to exhaust available administrative remedies; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 2) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 30, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge